UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCIS BURGER,                                    Case No. 07-11870

        Plaintiff,                                Julian Abele Cook
                                                   United States District Judge
vs.

                                      Michael Hluchaniuk
ALLSTATE INSURANCE COMPANY,                        United States Magistrate Judge

        Defendant.
_____/

**ORDER ON DEFENDANT'S
MOTION TO QUASH SUBPOENAS (Dkt. 33)**

## I.    PROCEDURAL HISTORY

The present complaint was initially filed in state court and removed to

federal court by defendant on April 27, 2007, based on diversity jurisdiction.  (Dkt.

1).  Generally, plaintiff's complaint seeks insurance benefits arising from an

automobile accident that occurred in April of 1982.  The present motion to quash

was filed on February 11, 2009.  (Dkt. 33).  Plaintiff responded to the motion on

March 2, 2009.  (Dkt. 35).  Defendant replied to plaintiff's response on March 9,

2009.  (Dkt. 37).  The motion was referred to the undersigned by Judge Cook on

March 25, 2009, for hearing and determination pursuant to 28 U.S.C. § 636

(b)(1)(A).  (Dkt. 39).  The parties apparently met and conferred regarding the

motion to quash and, thereafter, defendant filed a statement of resolved and

unresolved issues.  (Dkt. 43).  A hearing on the motion was held on May 22, 2009.

## II.    POSITIONS OF THE PARTIES

Plaintiff sought information, through a subpoena, from defendant's expert

witnesses relating to "1099s, records of payments, and all other rewards of

payments or income pertaining to medical evaluations performed by you at the

request, directly or indirectly, of an insurance company or other defendant in a

lawsuit for the time period of 2003 through 2008."  (Dkt. 33, Ex. C).  Defendant

has objected to this discovery request made to the expert witnesses based on the

claim that the production of the requested information would be unduly

burdensome, annoying and harassing, and that the information is irrelevant.

Plaintiff's position is that defendant does not have standing to object to a

subpoena issued to a non-party, that the information requested is relevant within

the meaning of the federal rules, and that defendant has not demonstrated the clear

and serious injury to the witness that is required before a protective order should be

issued.

## III.   ANALYSIS AND CONCLUSION

A.    <u>Standing</u>

Defendant seeks to challenge the propriety of subpoenas issued by plaintiff

to two of defendant's expert witnesses.  Plaintiff contends that defendant does not have standing to object to the subpoenas because the witness is not a party to the litigation and is not represented by defendant's counsel.  Defendant maintains it does have standing because, among other things, Rule 26(c)(1) allows a "party or any person from whom discovery is sought" to move for a protective order.

While there appears to be authority that generally stands for the proposition that a party does not have standing to challenge a discovery request made to a non-party, the cases cited by plaintiff for this proposition do not squarely deal with the same circumstances as presented in this case.  In *J.B. Hunt Transport v. Adams*, 2007 WL 789042 (E.D. Mich. 2007) Judge Cleland ruled that a party has no standing to challenge a subpoena to a non-party, however, the facts of that case are distinguishable from the present case.  The business from whom the records were sought in *J.B. Hunt* was a separate corporate entity from any of the parties to the lawsuit.  Here, the person from whom the records are sought is someone who has contracted with defendant to provide expert witness services.  While not an "agent" for some purposes,[1] the relationship between a party to a lawsuit and an expert

---

[1] Plaintiff cites the case of *Kirk v. Raymond Industries, Inc.*, 61 F.3d 147 (3d Cir. 1995) for the proposition that expert witnesses are not agents for the party calling them.  In *Kirk* the issue before the court was whether an expert witness was an "agent" for purposes of binding the party under Federal Rule of Evidence 801(d)(2) and the court concluded the expert witness did not have that type of

witness called by that party is sufficient to warrant affording standing to the party who seeks to call that witness, at least for purposes of litigating discovery issues regarding that expert witness.  None of the cases cited by plaintiff directly contradict the concept that a party is allowed to argue the propriety of a discovery request directed to an expert witness that the party intends to call on its own behalf. The undersigned agrees with the general proposition that a party lacks standing to object to a discovery request directed to a non-party, in the absence of a personal right or privilege of the party, but the interests of a party and the party's expert witness are so closely aligned that the party should be allowed to vindicate the interests of the expert witness.  To hold otherwise would unnecessarily complicate the litigation, add to the expense of litigation, and discourage well-intended experts from participating in the legal process.  Therefore, it is determined that defendant has standing to represent the interests of its expert witnesses in this motion.

      B.    <u>Relevance of Requested Information</u>

Defendant contends that the information sought by plaintiffs is "irrelevant to this litigation."  Defendant further characterizes the information as "private financial matters" of the expert witnesses.  Plaintiff argues that the information requested goes to bias and that bias of a witness is relevant.  In *Behler v. Hanlon*,

---

agency status.  Those facts are also distinguishable from the present case.

4

199 F.R.D. 553, 556 (D. Md. 2001), Magistrate Judge Grimm commented on the

significance of bias as it may relate to the credibility of an expert witness and said

the "importance of credibility of witnesses in the trial of cases cannot be overstated

and this is especially true with respect to expert witnesses."  Judge Grimm went on

to find that "the fact that an expert witness may have a 20-year history of earning

significant income testifying primarily as a witness for defendants, and an ongoing

economic relationship with certain insurance companies, certainly fits within

recognized examples of bias/prejudice impeachment, making such facts relevant

both to the subject matter of the litigation, and the claims and defenses raised, and

placing it squarely within the scope of discovery authorized by Rule 26(b)(1)... ."

*Id*. at 557.  Judge Grimm  authorized the production of financial information

similar to that requested in the present case.  His logic in ruling in that fashion is

persuasive.

Plaintiff should be entitled to obtain information relating to the volume of

work these expert witnesses perform for defendants in personal injury cases or

insurance companies defending personal injury claims.  This type of information

bears directly on the bias of the witness and, therefore, it is relevant within the

meaning of Rule 26(b)(1).  Compiling the information should not be inordinately

difficult for the witnesses[2] and it does not disclose any private financial information that is not directly related to the issue of bias.

      C.    <u>Burdensomeness of the Information Sought</u>

Plaintiff seeks "all 1099s, records of payments, and all other rewards of payments or income pertaining to medical evaluations performed by [the witness] at the request, directly or indirectly, of an insurance company or other defendant in a lawsuit for the time period of 2003 through 2008."  Defendant objects to this request, claiming that it imposes an undue burden and is also harassing in that it represents an intrusion into the witnesses' private financial matters.  A court has discretion under Rule 26(c)(1) to protect a person from any undue burden or annoyance that results from a discovery request.  The role of the court is to balance the legitimate needs of the requesting party with the reasonable interests of the responding person.  Some, if not most, of the information sought by plaintiff is relevant to a legitimate need of the plaintiff - the need to challenge the credibility of the witness by establishing bias.  Indeed, related information is required to be produced as part of the normal disclosure associated with expert witnesses.  Rule

---

[2] As stated in defendant's reply (Dkt. 37) to plaintiff's response to the motion, Dr. Higginbotham has produced some the relevant information already in the form of the 1099s from the corporation through which he performs these type of expert witness services.

26(a)(2)(B)(v) and (vi).

After considering the position of the parties as stated in their pleadings and during oral argument in this matter, it is **ORDERED** that defendant, on behalf of the identified witnesses, produce the following information:

A.    A list of cases where the witness has either testified for an insurance company or defendant in a personal injury case, or provided a consultive examination following the initiation of litigation in such a case, and a statement of the compensation received with respect to these services, for the period dating back to January 1, 2004;

B.    A statement showing the percentage of income received from the same sources over the same period of time; and

C.    This information must be provided subject to the limitation that it will be used exclusively for the purposes of this litigation, unless authorized by a future order of the Court.

**IT IS SO ORDERED**.

The parties to this action may object to and seek review of this Order, but are required to file any objections within 10 days of service as provided for in 28 U.S.C. § 636(b)(1) and Local Rule 72.1(d)(2).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed.R.Civ.P. 72(a).

Any objections are required to specify the part of the Order to which the party

objects and state the basis of the objection.  Pursuant to Local Rule 72.1(d)(2), any

objection must be served on this Magistrate Judge.

Dated:  June 8, 2009                          s/Michael Hluchaniuk_____
                                              Michael Hluchaniuk
                                              United States Magistrate Judge

## CERTIFICATE OF SERVICE

        I certify that on June 8, 2009, I electronically filed the foregoing paper with
the Clerk of the Court using the ECF system, which will send notification of such
filing to the following: Paul A. Zebrowski, Thomas A. Biscup, and Donald C.
Brownell, and I certify that I have mailed by United States Postal Service the paper
to the following non-ECF participants:  not applicable.

                                              s/James P. Peltier
                                              James P. Peltier
                                              Courtroom Deputy Clerk
                                              U.S. District Court
                                              600 Church St.
                                              Flint, MI 48502
                                              810-341-7850
                                              pete_peltier@mied.uscourts.gov